UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTONIO JORGENSEN,

                                  Plaintiff,

-against-

JOHN RIVERA; ANTHONY MAIDA; UC #0063; and JOHN and JANE DOE 1-10, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                  Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

Docket No.
1:15-cv-4017

ECF CASE

Plaintiff Antonio Jorgensen, by his attorney Cary London, of London Indusi LLP, for his complaint against Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from a March 25, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Jorgensen without probable cause. Mr. Jorgensen initially spent approximately 40 hours unlawfully in police custody. After going to Court a number of times, Mr. Jorgensen's case was dismissed and sealed on or about June 24, 2015.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

1

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Antonio Jorgensen ("Mr. Jorgensen") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

8. Detective John Rivera, Shield No. 452 ("Rivera") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Rivera was, at the time relevant herein, a Detective under Shield # 452 of Narcotics Borough Brooklyn South. Defendant Rivera is sued in his individual capacity.

9. Detective Anthony Maida, Shield No. 3317 ("Maida") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Maida was, at the time relevant herein, a Detective under Shield # 3317 of Narcotics Borough Brooklyn South. Defendant Maida is sued

in his individual capacity.

10. UC #0063, ("0063") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant 0063 was, at the time relevant herein, a police officer of Narcotics Borough Brooklyn South. 0063 is sued in his individual capacity.

11. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**FACTUAL CHARGES**

14. On March 25, 2015, at approximately 10:00 a.m., Mr. Jorgensen was walking on West 19st Street in Brooklyn, King's County, New York.

15. Mr. Jorgensen had just exited a deli.

16. Mr. Jorgensen was not committing any crime or violating any law or local ordinance.

17. The Defendants, including Defendant Maida, unlawfully stopped Mr. Jorgensen on West 19st Street and Mermaid Avenue in Brooklyn, New York.

18. The Defendants did not observe Mr. Jorgensen commit any crime or infraction.

19. Defendant Maida instructed Mr. Jorgensen to stop and come with them.

20. Mr. Jorgensen questioned why they were stopping him.

21. Defendant Maida instructed Mr. Jorgensen to stop talking and put his hands behind his back.

22. Mr. Jorgensen complied with Defendants Maidas orders and put his hands behind his back.

23. Defendants, including Maida, unlawfully handcuffed Mr. Jorgensen on West 19th Street and Mermaid Avenue.

24. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Jorgensen.

25. Mr. Jorgensen did not resist arrest.

26. Defendants, including Defendant Maida, searched Plaintiff's person without his authority or permission.

27. No contraband or anything of illegality was found on Mr. Jorgensen.

28. Defendants, including Maida, placed Mr. Jorgensen under arrest and transported him to central bookings.

29. Mr. Jorgensen was unlawfully held in police custody for approximately 40 hours before being arraigned on those charges.

30. At arraignments, the Judge released Mr. Jorgensen on his own recognizance, and the matter was adjourned.

31. On June 24, 2015, Mr. Jorgensen's case was dismissed and sealed.

32. Defendants, including Defendant Maida and Rivera and UC #0063, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Jorgensen's arrest,

4

including a false claim they had observed Mr. Jorgensen sell drugs on December 16, 2014.

33. Notwithstanding the fact that Mr. Jorgensen was not convicted on the charges against him, the identification of Mr. Jorgensen as a person involved in the sale of drugs by Defendants would likely influence a jury's decision.

34. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Jorgensen without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Jorgensen without probable cause.

35. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Jorgensen and violate his civil rights.

36. As a direct and proximate result of the acts of Defendants, Mr. Jorgensen suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

37. The above paragraphs are here incorporated by reference as though fully set forth.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference as though fully set forth.

41. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

42. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

47. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under

42 U.S.C. § 1983 Against Individual Defendants

49. The above paragraphs are here incorporated by reference as though fully set forth.

50. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Jorgensen sold drugs.

51. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

52. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

54. The above paragraphs are here incorporated by reference as though fully set forth.

55. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

56. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and

severally, as follows:

    a)    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    b)    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    c)    Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

    d)    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    e)    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 8, 2015
      Brooklyn New York                        Respectfully submitted,

                                                          /s/ Cary London_____
                                          *Cary London, Esq.*
                                          Bar Number: CL2947
                                          Attorney for Mr. Jorgensen
                                          London Indusi LLP
                                          186 Joralemon Street, Suite 1202
                                          Brooklyn, NY 11201
                                          (718) 301-4593 – Phone
                                          (718) 247-9391 – Fax
                                          Cary@LondonIndusi.com